IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**REGGIE WILBURN**                                                              **PLAINTIFF**

V.                                                   CIVIL ACTION NO. 4:22-CV-00056-DAS

**BURL CAIN,**
**DR. THOMAS COLLUM,**
**DR. ANTONIO DEL CASTILLO,**
**TIMOTHY DONOVAN,**
**DR. MOHAMED HADIDI FASECH,**
**DONALD FAUCETT,**
**HSA WILLIE KNIGHTEN,**
**SGT. WANDA MILLER,**
**TIMOTHY MORRIS,**
**RICHARD PENNINGTON,**
**DR. COLLETE SCOTT,**
**SONJA STANCIEL, and**
**SHAWN WORD**                                                         **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION [17]**
**TO DECLINE MAGISTRATE JUDGE JURISDICTION**

This matter comes before the court on the motion [17] by the plaintiff, Reggie Wilburn, to withdraw his consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). "Upon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1); *Mendes Junior Int'l Co. v. M/V SOKAI MARU,* 978 F.2d 920, 922 (5th Cir.1992). "[C]onsent to trial before a magistrate [judge] waives the right to trial before an article III judge". *Carter v. Sea Land Servs., Inc.,* 816 F.2d 1018, 1021 (5th Cir.1987). There is no absolute right to withdraw a validly given consent to trial before a magistrate. *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). As with the standard for granting motions to withdraw

waivers of other rights, motions to withdraw consent to trial before a magistrate judge may be granted only for good cause, a decision left to the sound discretion of the trial court. *Kirshberger v. United States,* 392 F.2d 782 (5th Cir.1968) (withdrawal of guilty plea); *Cox v. C.H. Masland & Sons, Inc.,* 607 F.2d 138 (5th Cir.1979) (Fed.R.Civ.P. 39(b) motion to withdraw waiver of jury trial); *United States v. Mitchell,* 777 F.2d 248 (5th Cir.1985) (motion for continuance to allow representation of specific counsel). Once accepted, a referral to a Magistrate Judge may only be vacated upon a showing of "extraordinary circumstances." 28 U.S.C. § 636(c)(4); *see Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 292 (5th Cir. 2002).

Mr. Wilburn agreed to and signed a document consenting to Magistrate Judge jurisdiction in this cause on April 22, 2022. Doc. # 5. (Document signed on April 22, 2022 but "filed" on the docket on April 26, 2022). Now, more than six months later, Mr. Wilburn moves to decline such jurisdiction. *See* Doc. # 17. In the instant motion, however, Mr. Wilburn advances no substantive argument as to why he now wishes to withdraw that jurisdiction. *See id.* In fact, Mr. Wilburn advances no argument whatsoever. *Id.* Thus, he has not carried his burden in demonstrating "extraordinary circumstances" warrant a withdrawal of Magistrate Judge jurisdiction in this cause. Accordingly, the instant motion [17] to decline Magistrate Judge jurisdiction is not well-taken and is, therefore, **DENIED.**

**SO ORDERED**, this the 16th day of November, 2022.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**