IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REGGIE WILBURN                                                                PLAINTIFF

V.                                                        CIVIL ACTION NO. 4:22-CV-00056-DAS

SHAWN WORD                                                                   DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Reggie Wilburn, an inmate formerly housed at the Oktibbeha County Jail ("OCJ") located in Starkville, Mississippi, has filed a *pro se* civil rights action pursuant to 42 U.S.C. §1983 against OCJ Jail Administrator Shawn Word. Doc. # 1. Having fully considered his allegations and the applicable authority, the Court finds that Wilburn's complaint must be dismissed.[1]

<u>Screening Standards</u>

Because Wilburn has been permitted to proceed *in forma pauperis* in this action,[2] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[3] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be

---

[1] As Wilburn consented to United States Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), *see* Doc. # 5, the undersigned has the authority to enter this memorandum opinion and order and the accompanying judgment.

[2] *See* Doc. #7.

[3] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Procedural Posture

On April 12, 2022, Plaintiff Reggie Wilburn, proceeding *pro se*, filed the instant civil rights action asserting a number of claims regarding the conditions of his confinement at both OCJ and the Mississippi State Penitentiary. Doc. # 1. In his complaint, Wilburn named thirteen (13) defendants. *See id.* Months later, on November 15, 2022, Wilburn moved to dismiss all defendants except one, OCJ Jail Administrator Shawn Word. Doc. # 24. The Court entered an Order granting Wilburn's motion on November 16, 2022. Doc. # 27. As such, only Wilburn's claim(s) against Defendant Word remains.

## Plaintiff's Allegations

Wilburn alleges that, on August 9, 2018, while housed at the OCJ as a pretrial detainee, he injured his back in a slip and fall due to a leaky toilet in his cell. He further avers that he went more than ten (10) days without clean drinking water during his incarceration at OCJ. According to Wilburn, he filed numerous grievances regarding the alleged unsafe and unsanitary conditions but was not moved until his injury. Wilburn blames the conditions on OCJ Jail Administrator Shawn Word.[4]

---

[4] In a recent filing, Doc. # 18, Wilburn seeks to continue his case against both Defendant Word and Oktibbeha County Sheriff Steve Gladney. Wilburn, however, did not name Gladney as a Defendant in his complaint. Even so, any claim against Gladney would be dismissed for the same reasons as to Defendant Word.

Statute of Limitations

In an action brought under Section 1983, a federal court must apply the forum state's general statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Mississippi, that period is three years. *See* Miss. Code Ann. § 15-1-49; *Norwood v. City of Mendenhall, Miss.*, 630 F. App'x 245, 249 (5th Cir. 2015) (citing *Edmonds v. Oktibbeha Cty.*, 675 F.3d 911, 916 (5th Cir. 2012)). Although state law controls the statute of limitations, "federal law governs when a [Section] 1983 claim accrues." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cr. 2016); *see also Wallace*, 549 U.S. at 388. Under federal law, a Section 1983 claim accrues, and the limitations period begins to run, "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (citing *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)).

In his complaint, Wilburn asserts that he injured his back on August 9, 2018, while housed at OCJ. Wilburn further avers that he filed numerous grievances concerning his fall and the alleged unsafe and unsanitary conditions while housed at OCJ. As such, Wilburn was clearly aware of his alleged injury at that time. Thus, the three-year limitations period began to run on August 9, 2018, and expired on August 9, 2021. Wilburn filed the instant case on April 12, 2022, more than eight months after the limitations period had run. In his complaint, Wilburn failed to advance any argument for tolling the statute of limitations nor did he argue that the limitations period has not otherwise run.[5] Applying the relevant authority, the Court finds that it is apparent on the face of Wilburn's complaint

---

[5] Wilburn recently filed a "motion to strike defendants arguments that the lawsuit is procedurally barred due to the three year limitations status [sic]." Doc. # 23. At this juncture, there was no argument by defendant to strike. To the extent that he was asking the Court to apply equitable tolling of the limitations period, he failed to carry his burden in showing such was warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam)

that the statute of limitations has run on his claim(s) regarding his stay at OCJ, and that Wilburn's claim is time-barred.

Supervisor Liability

Even assuming, *arguendo*, that Wilburn's remaining claim was timely filed, he has failed to state a claim against Word. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v.* Garcia, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Wilburn names Jail Administrator Shawn Word as the remaining Defendant in this action. Wilburn's complaint, however, contains no allegations indicating any personal involvement by Word in the alleged constitutional violation(s). Instead, Wilburn simply notes that he filed numerous grievances concerning the alleged conditions which Word, as Jail Administrator, was responsible for handling and responding.

Although Wilburn's allegations regarding Word's role at OCJ may be correct, his allegations fail to establish the requisite personal involvement in the alleged constitutional violations.

4

*See Woods*, 51 F.3d at 583.  Moreover, a Section 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process.  *Dehghani v. Vogelgesang*, 226 F. App'x 404, 406 (5th Cir. 2007).  It is clear that Jail Administrator Shawn Word has been named as a defendant in this action due to his position of authority at OCJ and participation in the grievance process; thus, he must be dismissed from this action.  *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

<u>Conclusion</u>

Based on the foregoing discussion, the Court finds that Wilburn has failed to state a viable constitutional claim against remaining Defendant Shawn Word.  Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Wilburn is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury.  28 U.S.C. § 1915(g).  A final judgment in accordance with this opinion will be entered today.  All pending motions in this cause are hereby **DISMISSED as moot**.

**SO ORDERED**, this the 17th day of November, 2022.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**

5