IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**REGGIE WILBURN**                                                                                                                                **PLAINTIFF**

**V.**                                                **CIVIL ACTION NO. 4:22-CV-00056-DAS**

**SHAWN WORD**                                                                                                          **DEFENDANT**

## ORDER DENYING PLAINTIFF'S MOTION TO RECUSE

This matter comes before the Court upon *pro se* Plaintiff's motion [36] for the undersigned to recuse himself from this matter.[1] The statutes for deciding whether recusal is appropriate for a federal judge are 28 U.S.C.A. § 455, and 28 U.S.C. § 144, which use the same standard, namely, "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). However, "the reasonable person standard in the recusal context contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Trevino v. Johnson*, 168 F.3d 173, 179 (5th Cir. 1999) (internal citations omitted). In addition, "[A] motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case . . . ." *Phillips v. Joint Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1020 (5th Cir. 1981). A judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227 (5th Cir. 1998). Adverse judicial rulings will only support a claim of bias if they reveal an opinion based on an extrajudicial

---

[1] Plaintiff styles his motion as a "Motion for Honorable United States Magistrate Judge David A. Sanders step down off this case," which is, in effect, a motion for a recusal of the undersigned. *See* Doc. # 36.

source – or if they demonstrate such a high degree of animosity as to make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

In the instant motion, Plaintiff fails to advance much in the way of substantive argument. Instead, he avers, in conclusory fashion, that the undersigned "is not applying case laws," and "not giving Plaintiff Wilburn a fair opportunity to litigate his case." *See* Doc. # 36. Other than these conclusory assertions, Plaintiff proffers no reason why a recusal is necessary or warranted. It seems evident that Plaintiff seeks a recusal simply because he is aggrieved by the adverse rulings in this case, which the Court notes is now closed, and such is not a sufficient basis upon which to base a recusal. Accordingly, this motion [36] will be **DENIED**.

**SO ORDERED**, this the 1st day of December, 2022.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**