IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**REGGIE WILBURN**                                                                                           **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 4:22-CV-00056-DAS**

**SHAWN WORD**                                                                         **DEFENDANT**

**ORDER**

This matter comes before the Court on the *pro se* Plaintiff's motions [35], [38], [39], [40] to reconsider the Court's November 17, 2022 Memorandum Opinion and Order and Final Judgment dismissing Plaintiff's remaining claim(s) under Section 1983 against Defendant Shawn Word. *See* Doc. #s 28, 29. While Plaintiff has styled each of these motions differently,[1] the nature of these motions are all the same—he is aggrieved by the Court's dismissal of his case and wishes for a different outcome.

As such, the Court interprets the motions, using the liberal standard for pro se litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as motions to reconsider the aforementioned opinion and order and final judgment. Because Plaintiff's motions were filed within twenty-eight (28) days of the entry of judgment, the Court construes these motions as motions to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Plaintiff has neither

---

[1] Plaintiff styles Doc. # 35 as a "Motion to reopen all motion that was denied as moot issued by this Court November 17, 2022"; Doc. # 38 as a "Motion to clarify the court not holding a spear hearing or even setting a date before giving a final judgment . . ." ; Doc. # 39 as a "Motion to Arrest Docket # 28, # 29 Memorandum Opinion and Order and Final Judgment .. ."; and Doc. # 40 as a "Motion to Amend to motion to arrest final judgment on the Law, to clarify claim against OCJ Jail Administrator Shawn Word . . .".

asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). Accordingly, the Court finds that the instant motions [35], [38], [39], [40] are not well-taken, and are, therefore, **DENIED**.

    **SO ORDERED**, this the 2nd day of December, 2022.

                                       /s/ David A. Sanders
                                       **DAVID A. SANDERS**
                                       **UNITED STATES MAGISTRATE JUDGE**